UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: APOLLO COMPANIES, INC., | |
| Debtor. | Case No. 17-80148 (Chapter 11) Hon. Marvin Isgur, United States Bankruptcy Judge |
| APOLLO COMPANIES, INC., | |
| Plaintiff, | |
| vs. | Adversary Proceeding No. 3:18-ap-08009 |
| ROY THEOPHILUS BENT, JR., an individual, transacting as HOUSTON AUTO APPRAISERS, an unincorporated business association, and ANDREA ALECE BENT, an individual, transacting as HOUSTON AUTO APPRAISERS, an unincorporated business association, | |
| Defendants. | |

**COMPLAINT FOR COLLECTION OF MONEY OR PROPERTY
OWED BY DEFENDANTS**

NOW COMES Plaintiff Apollo Companies, Inc. (legal successor to Apollo Office Systems, LLC), and for its Complaint against Defendant, states as follows:

1.      A Chapter 11 Plan of Reorganization has been approved on April 6, 2018, for Apollo Companies, Inc., under which Plan Apollo Companies, Inc., emerges as successor to both Apollo Office Systems, LLC, and Apollo Companies, Inc.  11 U.S.C. § 1141.  Accordingly, Plaintiff is empowered to collect all accounts receivable of both Apollo entities (collectively, "Apollo"), for distribution according to the confirmed Plan.

2.      The Court, according to the Plan, has continuing jurisdiction over Adversary

**ADVERSARY PROCEEDING COMPLAINT**                         Page 1 of 7

Proceedings initiated to recover pre-confirmation accounts receivable of Apollo.

3.      This is an Adversary Proceeding brought to recover pre-confirmation money and/or property owed to Apollo by Defendants – namely, the entirety of the account(s) receivable owed by the Defendants to Apollo.

4.      Defendant ROY THEOPHILUS BENT, JR., is an individual whose last-known address is 18 QUAILWOOD DR.; BAYTOWN TX 77521, in Harris County, Texas.  He may be served with Summons there, at the principal business address of HOUSTON AUTO APPRAISERS, or wherever he may be found.

5.      Defendant ANDREA ALECE BENT is an individual whose last-known address is 18 QUAILWOOD DR.; BAYTOWN TX 77521, in Harris County, Texas.  She may be served with Summons there, at the principal business address of HOUSTON AUTO APPRAISERS, or wherever she may be found.

6.      According to assumed name records in Harris County, Defendants Roy and Andrea Bent transact business, as co-owners, using a variety of assumed names – HOUSTON AUTO APPRAISERS (File No. U29225), ROY BENT AUTO GROUP, JAMAICAN ME HUNGRY, BAYTOWN NOTARY PUBLIC, BAYTOWN AUTO APPRAISERS, HOUSTON MOBILE HOME APPRAISERS, HARRIS COUNTY PUBLIC WORKS, and HOUSTON PROPERTY APPRAISERS, among others.

7.      The principal business address for Houston Auto Appraisers, is 104 West Baker Rd.;

Baytown, Texas 77521.

8.      Defendants are subject to personal jurisdiction in Texas, because they transact

**ADVERSARY PROCEEDING COMPLAINT**                    Page 2 of 7

business in and around Houston and Baytown, Texas, and reside in Texas.

9.    Subject-matter jurisdiction exists under Rule 7001(1) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

10.    Venue is proper in the Galveston Division of the U.S. Bankruptcy Court for the Southern District of Texas, because the parent case is properly filed in the Galveston division.

### COUNT ONE – BREACH OF CONTRACT

11.    Plaintiffs incorporate and repeat paragraphs 1-11 as if set forth herein verbatim.

12.    Apollo is in the office automation and consulting business.  Apollo has sold and provided thousands of dollars worth of services and equipment to the Defendants.

13.    Apollo Companies, Inc., is authorized to collect the entire debt owed by the Defendants to Apollo, for distribution according to the confirmed Plan.

14.    Apollo, in addition to sales and leases of office equipment such as but not limited to copiers, provides long-term service contracts to certain customers.

15.    Apollo also provides supplemental services such as but not limited to network integration, on an hourly basis, with invoices for such services sent to customers.

16.    The long-term service contracts that Apollo does with customers are written, non-cancelable, for a fixed term, and auto-renew.

17.    Attached as **Exhibit A** are contract documents that include the written contract with Apollo signed by Roy T. Bent, Jr., that serves as the basis for this contract claim.  Also included in **Exhibit A** is an account statement, reflecting the unpaid invoices sent from Apollo to the Defendants, as of the statement date (September, 2017).

**ADVERSARY PROCEEDING COMPLAINT**                    Page 3 of 7

18.     Under such a service contract, payment to Apollo is based in part on reading of copier meters that measure the number of copies made using a particular piece of equipment.

19.     It is the obligation of the customer to make sure that accurate meter readings are communicated timely, once a month, to Apollo.  Apollo, to make it easier for customers, offers software to customers, to enable the meter readings to be reported in a timely manner.  Not all customers elect to use the software, however.

20.     The contract expressly states that network integration services are charged to the customer over and above the regular price of the service contract – they are not included in the regular fee.

21.     Defendants have been invoiced for services that have actually been delivered to them, and that have conferred a measurable and significant financial benefit to Defendants.

22.     Defendants have breached their contract(s) with Apollo by failing and repeatedly refusing to pay timely as promised.

23.     As a result of Defendants' failure and refusal to pay, Apollo first placed them on credit hold, as is customary, in order to stop the hemorrhage of uncompensated work and materials, and then later declared a default due to the protracted non-payment of the Defendants.

24.     Apollo is therefore entitled to just compensation by law, including statutory remedies, for the breach of said contract(s).

25.     The damages (not including statutory attorney fees) owed by the Defendants to Apollo equal not less than $9862.00 and may be more than that amount.

**ADVERSARY PROCEEDING COMPLAINT**                     Page 4 of 7

## COUNT TWO – ACCOUNT STATED

26.     Plaintiff incorporates and repeats paragraphs 1-26 as if set forth herein verbatim.

27.     Plaintiff for a period of several months, starting in or about February 2016, had a business relationship with the Defendants, that included the Plaintiff regularly providing invoices and account statements to the Defendant, for billing purposes.

28.     Attached as **Exhibit B** is a sworn affidavit from the accountant / Custodian of Records of the Plaintiff, stating the amount due from the Defendants.

29.     **Exhibit A** also is incorporated by reference in this Account Stated count and the accompanying Affidavit.

30.     Defendants have made some payments on their invoices, which have been credited to the account and are not the subject of this claim.

31.     However, Defendants have not paid the full amount due on this account.

32.     As a result, Defendants owe the Plaintiff not less than $4980.00 in money damages on this account, plus any other remedies authorized by law.

## COUNT THREE – STATUTORY ATTORNEY FEES

33.     Plaintiffs incorporate and repeat paragraphs 1-33 as if set forth herein verbatim.

34.     Following the protracted breach of the Defendants to pay the monies owed under their contract with Apollo, Plaintiff hired an attorney as permitted in Sections 38.001 and 38.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

35.     Said attorney transmitted a letter to Houston Auto Appraisers and to Mr. Roy T. Bent, Jr., personally on or about October 4, 2017.  The true and correct text of the statutory demand letter

**ADVERSARY PROCEEDING COMPLAINT**                    Page 5 of 7

transmitted on October 4, 2017, is attached as **Exhibit C**.

36.     Defendants did not pay prior to the statutory deadline of November 3, 2017.

37.     Unless hourly billings for this collection matter exceed $3944.80 (roughly 9.90 hours of billable work), then the statutory attorney fee is $3944.80.  Combined with the breach of contract damages, the total to be paid by Defendants is not less than $13,806.80.

## COUNT FOUR – QUANTUM MERUIT

38.     Plaintiffs incorporate and repeat paragraphs 1-38 as if set forth herein verbatim.

39.     In reasonable and material reliance on the contract included in **Exhibit A**, Plaintiffs provided thousands of dollars worth of goods and services to the Defendant.

40.     It would be inequitable for the Defendants to keep the financial benefit conferred on them by the Plaintiff, without paying what the goods and services are worth.

41.     Plaintiff respectfully prays to be made whole as a matter of equity for the financial harm of the Defendants failing timely to pay as the Defendants promised, for the economic benefit, goods and services conferred by the Plaintiff.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully prays for a money judgment in its favor to be entered against the Defendants, in an amount not less than $13,806.80, and for such other and further relief in law or in equity that this honorable Court may deem just and proper.  Plaintiff also respectfully prays that the judgment ultimately entered include an award of all court costs (including the filing fee, and any expenses of serving Summons on the Defendant) and an award of

**ADVERSARY PROCEEDING COMPLAINT**                    Page 6 of 7

prejudgment and post-judgment interest as allowed by law.


Dated:          April 11, 2017.

Respectfully submitted,

ERIC C. GRIMM, PLLC

By:     ___/s/ Eric C. Grimm_____
Eric C. Grimm
State Bar No. 00787596
P.O. Box 1266
Alvin, Texas 77512-1266
(734) 717-4900
fax (888) 502-1291
email:  ecgrimm@umich.edu
Special Litigation Counsel


**ADVERSARY PROCEEDING COMPLAINT**                    Page 7 of 7